DETROIT LAND CONTRACT CO. *v.* GREEN.

1. TAXATION—LAND CONTRACTS—MORTGAGE TAX—BASIS OF COMPUTATION.

Under section 3, Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4270), providing for a tax to be computed and collected by the county treasurer upon the offering for record of a land contract, the tax should be computed upon the amount shown upon the face of the contract to be owing, and if that fails to show the first payment to have been made before the execution of the contract, then the tax must be paid on the full consideration therein.

2. SAME.

Indorsements on the back of the contract are no part of it, and should not be considered by the treasurer in computing the tax.

3. SAME—EXTRINSIC PROOF AS TO AMOUNT—STATUTES.

Section 6 of the act authorizing affidavits or other extrinsic proof to be made of the amount of principal remaining unpaid applies only to those instruments which were recorded.before Act No. 91, Pub. Acts 1911, took effect.

Certiorari to Wayne; North, J., presiding. Submitted June 18, 1918. (Calendar No. 28,402.) Decided July 18, 1918.

Mandamus by the Detroit Land Contract Company to compel William H. Green, treasurer of Wayne county, to accept a sum as payment of a mortgage tax, and to issue a certificate showing the amount secured. From an order granting the writ, defendant brings certiorari. Reversed, and writ dismissed.

*Goodenough & Long,* for plaintiff.

*Charles H. Jasnowski,* Prosecuting Attorney, and *Paul W. Voorhies,* Assistant Prosecuting Attorney, for defendant.

STONE, J. The single question presented in this proceeding is the amount of the mortgage tax which is payable to the county treasurer upon the offering for record of the land contract described. The stipulated facts are that George and Sarah McLean, on October 24, 1914, entered into a contract with Charles and Ida Barkume for the sale of a certain described lot of land in the city of Detroit for the sum of $1,900, the exact wording of the contract being in part as follows:

"The said parties of the first part, in consideration of the sum of Nineteen Hundred ($1,900) dollars to be to them duly paid, hereby agree to sell unto the parties of the second part," etc. And further: "for the sum of Nineteen Hundred ($1,900) dollars, which the said parties of the second part hereby agree to pay the parties of the first part as follows: One Hundred ($100) dollars at the date hereof, and the remaining eighteen hundred dollars in monthly installments of twenty ($20) dollars or more per month including interest," etc. Also: "Said monthly payments to start on delivery of this contract," etc.

On the reverse side of the contract was indorsed the following:

"Received the $100.00 on delivery hereof.
[Signed] "GEORGE MCLEAN."

The vendors, on June 6, 1917, executed and delivered a deed of this property to the relator, also showing the contract to said relator.

On February 18, 1918, relator tendered the contract and $9 to the county treasurer and requested him and his deputies to accept same and give a certificate in compliance with section 3, Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4270). It was the contention of the relator that this sum was the correct amount upon which a mortgage tax could be charged upon said contract. The deputy treasurer in

202—Mich.—30.

charge of the collection of mortgage taxes, advised later that the mortgage tax was computed according to the treasurer's directions at the sum of $9.50. A petition for a mandamus was filed in the circuit court of Wayne county setting forth the facts and praying that respondent show cause why an order should not be entered directing him to accept said sum of $9 as payment of the mortgage tax upon said land contract in accordance with the statute, and give to relator a certificate showing that the sum of $1,800 is the amount secured by said contract, and the sum of $9 is the tax thereon.

An order to show cause was duly made and served upon respondent, who answered the petition, and the matter was heard upon the stipulated facts. The circuit court held with the relator, and the respondent brings the matter here by certiorari for review.

The amount here involved is small, but it is claimed by both parties that the question raised is one of considerable importance to the State, and to parties desirous of recording land contracts, and that there is at present no uniformity among the various counties in the method of computing the tax. The question is, What was the principal debt or lien secured by this contract when it was signed?

Section 1 of the act of 1911 provides that for the purposes of the act all indebtedness secured by liens upon real property should constitute that class of credit upon which the act imposes a specific tax, and that the word "mortgage" should include every mortgage or other instrument by which a lien is created over, or imposed upon real property, and shall include executory contracts for the sale of real property.

Section 2 provides that a tax of fifty cents for each one hundred dollars, and each remaining major fraction thereof of the principal debt or obligation which was, or under any contingency might be, secured by

a mortgage upon property situated within this State, recorded on or after January 1, 1912, was imposed on each such mortgage and should be collected and paid as therein provided, with certain exceptions which are not material here.

Section 3 provides that the tax shall be paid to, and collected by the treasurer of the county, to whom it shall be presented, who shall as one of his official duties compute and collect the taxes due thereon, and shall certify on said mortgage the amount secured thereby, and the amount of taxes received by him; which certificate shall be recorded by the register of deeds as a part of the record of the mortgage.

Section 6 of the act provides that the owner of any mortgage which then was, or which might be recorded before January 1, 1912, might present to the county treasurer an affidavit setting forth the amount of principal secured thereby which was unpaid, and might pay a like tax upon such amount.

The contract in question appears to have been signed at its date. When it was delivered does not appear. It has been held that actual delivery of a contract is not essential to its validity; and that any overt act like signing, which may be fairly deemed to express the obligor's intention to be bound, is sufficient.

It is manifest that at the time the contract was signed by the parties thereto, nothing had been paid thereon. It provided that the sum of $1,900 was to be paid in the future, the language being: "Nineteen hundred dollars to be to them duly paid." Under the terms of the statute it is "the amount secured thereby" which controls. It would be conceded, of course, that if the $100 was not paid when the contract was executed then it stood as security for $1,900. It seems to us that by the terms of the contract there was a period of time after its signing when it was security for $1,900.

Had the $100 been paid at any time subsequent to the signing, even on the same day, or subsequent to the delivery of the contract, there would have been a time when the sum secured by the contract was $1,-900. If a contingency had arisen by which the $100 was not paid at all, the same result would follow. It is the language of the contract which should control. Had the contract stated in substance "$100 which sum has been heretofore paid," or $100 the receipt of which is hereby acknowledged," we would have a different question before us.

It seems to us that the county treasurer can only be guided by what appears upon the face of the instrument; and if that fails to show the first payment to have been made before the execution of the contract, then the tax must be paid on the full consideration stated therein. Nor do we think that the county treasurer can be governed or controlled by the indorsement on the reverse side of the contract. It is no part of the contract, and should not be considered by that officer. It is only as to those instruments which were recorded *before* the act took effect, where the treasurer can consider affidavits, or other extrinsic proof as to the amount of principal which is unpaid, and collect a tax thereon only, as appears by section 6 of the act. In our opinion the amount secured by the contract was the sum of $1,900, and the tax due and payable thereon was $9.50.

The judgment of the circuit court is therefore reversed and the writ of mandamus dismissed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.