SHUPERT *v*. INGHAM COUNTY TREASURER.

TAXATION—SPECIFIC TAX—BASIS OF COMPUTATION—RECORDING LAND CONTRACT.

In computing the amount of the specific tax to be paid under 1 Comp. Laws 1915, § 4268 *et seq.*, on the amount owing on a land contract offered for record, the county treasurer is to be guided by the face of the instrument,

and where that instrument shows that the down payment was paid before the execution of the contract, the amount thereof should be deducted from the purchase price, and the tax computed on the balance.

Certiorari to Ingham; Collingwood (Charles B.), J. Submitted April 12, 1921. (Calendar No. 29,613.) Decided June 6, 1921.

Mandamus by Harry L. Shupert and another to compel Andrew J. Edwards, treasurer of Ingham county, to accept a sum as payment of a mortgage tax, and to issue a certificate showing the amount secured. From an order denying the writ, plaintiffs bring certiorari. Reversed.

*Cummins & Nichols* and *Paul G. Eger*, for appellants.

*J. Arthur Boice*, Prosecuting Attorney, for appellee.

FELLOWS, J. The plaintiffs as vendors entered into a land contract on October 27, 1919, with Robert W. Cowley and Thomas B. Cowley as vendees for the sale of certain premises located in Ingham county. The purchase price was $4,500. The contract contained the following provision as to payments:

"Said second party, in consideration of the covenants herein made by first party, agree to purchase of first party the above described premises, and to pay therefor to first party, or legal representatives, at Mason, Mich., the sum of forty-five hundred dollars in manner as follows, viz.: One thousand dollars in cash, the receipt whereof is hereby acknowledged, and four hundred dollars payable annually, with the privilege of paying more at any time."   *   *   *

Thereafter plaintiffs tendered to defendant county treasurer the sum of $17.50 as payment of the specific tax provided for in Act No. 91, Public Acts 1911 (1 Comp. Laws 1915, § 4268 *et seq.*). The defendant

under his construction of the law demanded $22.50. Plaintiffs thereupon instituted proceedings for mandamus resulting in the court below in a refusal of the writ.   We allowed this writ of certiorari to bring the proceedings before us.

The contract is the ordinary form of land contract and counsel for the defendant points out that in its first clause the vendors agree to sell the premises for the sum of $4,500 "to be paid by second party to first party," and the following language found in the clause above quoted:

"and to pay therefor to first party or legal representatives at Mason, Mich., the sum of forty-five hundred dollars."

Counsel also insists that as a receipt is not conclusive and may be disputed, a contingency may arise which would make the contract security for the payment of the full purchase price and he, therefore, urges that the sum of $22.50 is the proper amount to be collected.

This statute was before the court in *Detroit Land Contract Co.* v. *Green,* 202 Mich. 464, and we there said, speaking through Mr. Justice STONE:

"It seems to us that the county treasurer can only be guided by what appears upon the face of the instrument; and, if that fails to show the first payment to have been made before the execution of the contract, then the tax must be paid on the full consideration stated therein."

The opinions of the attorney general to which our attention is challenged by counsel for defendant are to the same effect; running through them all is the thought that the county treasurer is to be guided by the face of the instrument itself in determining what the amount secured thereby actually is.   It is true that a receipt is not conclusive and if the sum of $1,000 had not actually been paid as recited in the contract the vendors by establishing that fact would

have a lien for its payment. But this would require evidence *aliunde*. The contract, and the contract alone, is the guide for the computation of the tax.

Does this contract on its face show that the down payment of $1,000 had been paid before its execution? If so, such down payment was not secured by the contract. We think this question must be answered in the affirmative. While there are terms of futurity used in connection with the purchase price, when we turn to the provision of the contract having reference to the times and terms of payment we find an unequivocal acknowledgment that the down payment had in fact been paid. This portion of the contract was a receipt stating that at the very time the vendors signed this contract they had in their possession the cash for such down payment. Recurring again to the case above cited, we find this significant language:

"It is the language of the contract which should control. Had the contract stated in substance '$100 which sum has been heretofore paid,' or '$100 the receipt of which is hereby acknowledged,' we would have a different question before us."

As foreshadowed in that opinion we think it must be held that where the contract shows upon its face that at the time of its execution the down payment had in fact been made, the specific tax may not be collected on such down payment, and that the language of the contract before us does so show.

It follows that the case must be reversed with direction to issue the writ. As the question is a public one and defendant a public officer, no costs will be allowed.

STEERE, C. J., and MOORE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. WIEST, J., did not sit.